UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

DIRECT SUPPLY INC.,

        Plaintiff,

        v.                                                      Case No. 10-C-0278

DAVID T. PEDERSEN,

        Defendant.

---

DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO
DISMISS (DOC. #8), GRANTING PLAINTIFF'S REQUEST FOR LEAVE TO
REPLEAD IN A SECOND AMENDED COMPLAINT (DOC. #11),
DENYING AS MOOT DAVID PEDERSEN'S EXPEDITED NON-DISPOSITIVE
MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY IN SUPPORT OF HIS
MOTION TO DISMISS AMENDED COMPLAINT (# 24), AND DENYING AS MOOT
DIRECT SUPPLY'S EXPEDITED NON-DISPOSITIVE MOTION
TO PERMIT DISCOVERY (# 21)

        David T. Pedersen left his job with Direct Supply, Inc. in April of 2008. Before leaving, he allegedly sent confidential information of Direct Supply to his personal e-mail address and told a coworker of a special room in his home used to store the information he gathered from Direct Supply. Direct Supply sees these and other acts by Pedersen as nothing less than extortion. Pedersen disagrees and maintains the information he gathered was used to support a complaint he filed against Direct Supply under the Illinois Whistleblower Reward and Protection Act, 740 ILCS 175/1 et seq. At this point, Pedersen has filed a motion to dismiss the seven count amended complaint and a motion to file supplemental authorities. On the other hand, Direct Supply seeks expedited discovery. Because the court finds that Direct Supply has failed to state a claim under the Computer

Fraud Abuse Act ("CFAA"), 18 U.S.C. §§ 1030(a)(2)(C) and (a)(4), Pedersen's motion to dismiss will be granted.

In the amended complaint, Direct Supply asserts that Pedersen signed a Confidentiality & Works-for-Hire Agreement, an E-mail Policy, and Direct Supply's Information Systems Use Policy. It submits that these documents identified confidential information belonging to Direct Supply and prohibited its disclosure. Paragraph 17 of the amended complaint states that Pedersen sent an e-mail to Direct Supply on April 2, 2008, advising that he was not resigning his employment, would be absent from work and might disclose information about Direct Supply's alleged wrongdoing. Later, Direct Supply discovered that on March 30, 2008, Pedersen forwarded an e-mail to his personal account identifying the states where Direct Supply collected sales taxes, and, on April 2, 2008, Pedersen forwarded himself an e-mail from Direct Supply's in-house counsel containing confidential contract information. Pedersen is also said to have gathered confidential information regarding Direct Supply's sales from other employees. Direct Supply alleges that Pedersen gave this confidential information to a third party while informing another Direct Supply employee that he intended to extort Direct Supply. According to the amended complaint, Pedersen offered to forego contacting the United States Attorney if Direct Supply would pay him. Counsel for both parties agreed that Pedersen resigned effective April 7, 2008.

A motion to dismiss pursuant to Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). A complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). This statement must go beyond providing

"labels and conclusions," and "be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). To do this, the complaint is to include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Though "specific facts are not necessary," *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007), a plaintiff must provide enough detail to "present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010).

The purpose of the Computer Fraud Abuse Act ("CFAA"), 18 U.S.C. § 1030, is to punish individuals who destroy data and "the statute was not meant to cover the disloyal employee who walks off with confidential information." *Von Holdt v. A-1 Tool Corp.,* 714 F. Supp. 2d 863 (N.D. Ill. 2010)(quoting *Kluber Skahan & Assoc., Inc. v. Cordogen, Clark & Assoc., Inc.*, 2009 WL 466812 at *8 (N.D. Ill. 2009)). While primarily a criminal statute, the CFAA provides a private right of action for "any person who suffers damage or loss by reason of the violation of this section" if the conduct involves one of the factors identified in the enumerated subclauses. Subclause(I) of subsection (c)(4)(A)(i)(I)), the only relevant subclause in this case, covers conduct resulting in "loss to 1 or more persons during any 1-year period … aggregating at least $5,000 in value." 18 U.S.C. § 1030(c)(4)(A)(i)(I). Loss is defined as "any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service." 18 U.S.C. § 1030(e)(11).

Direct Supply's CFAA claim stretches the *Twombly/Iqbal* standard beyond its limits. Paragraphs 32 and 37 of the amended complaint contend the following: "Direct Supply incurred loss of at least $5,000 in a one-year period as a result of Pedersen's unauthorized possession, access, and copying of Direct Supply's proprietary information." As drafted, it is impossible to tell whether the claimed loss satisfies the $5,000 threshhold, specifically whether Direct Supply has incurred the type of loss contemplated by the CFAA. *See SKF USA, Inc. v. Bjerkness*, 636 F. Supp. 2d 696, 721 (N.D. Ill. 2009); *DocMagic, Inc. v. Ellie Mae, Inc.*, 2010 WL 3987495 at *19 (N.D. Cal. 2010); *Nexans Wires S.A. v. Sark-USA, Inc.*, 319 F. Supp. 2d 468, 475 (S.D.N.Y. 2004). If Direct Supply believes it has suffered any damage or loss as a result of Pedersen's conduct, it should be able to state some facts underlying that belief. That such information has been omitted from the amended complaint leaves this court to wonder whether subject matter jurisdiction exists in this case. *See Advantage Ambulance Group, Inc. v. Lugo, et al*, 2009 WL 839085 at *4 (E.D. Pa. 2009).

Hence, the court will dismisses counts one and two of the amended complaint. And, because these counts are the only bases federal court jurisdiction, the remaining state law claims will be dismissed. *Williams v. Rodriguez*, 509 F.3d 392, 404 (7th Cir. 2007) (citing *Wright v. Assoc. Ins. Co.*, 29 F.3d 1244, 1251 (7th Cir. 1994)); 28 U.S.C. § 1367(c)(3) (a district court may decline to exercise supplemental jurisdiction where it has dismissed all claims over which it has original jurisdiction). Nevertheless, the court will grant Direct Supply's request to replead in a second amended complaint. Fed. R. Civ. P. 15(a)(2). Now, therefore,

IT IS ORDERED that defendant's motion to dismiss counts one and two of the amended complaint is granted.

IT IS FURTHER ORDERED that all remaining counts are dismissed for lack of subject matter jurisdiction.

IT IS FURTHER ORDERED that Direct Supply's request to replead in a second amended complaint is granted. Direct Supply shall file a second amended complaint on or before April 12, 2010, establishing a bases for this court's exercise of federal subject matter jurisdiction.

IT IS FURTHER ORDERED that Direct Supply Inc.'s expedited non-dispositive motion to permit discovery is denied as moot.

IT IS FURTHER ORDERED that David Pedersen's expedited non-dispositive motion for leave to file supplemental authority in support of his motion to dismiss amended complaint is denied as moot.

Dated at Milwaukee, Wisconsin, this 28th day of March, 2011.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U. S. DISTRICT JUDGE